DETERMINED IN THE

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### May, 1904.

---

WESTERN NEW YORK INSTITUTION FOR DEAF MUTES, Plaintiff, *v.*
THE COUNTY OF YATES, Defendant.*

*Charge against a county for the care of a deaf mute at a State institution — a change
of residence of the parents to another county during the period of such care does
not relieve the county from which the child was sent from such expense.*

Chapter 325 of the Laws of 1863, as amended by chapter 213 of the Laws of 1875
and chapter 36 of the Laws of 1892, provides that "any parent, guardian or
friend of a deaf-mute child within this State, over the age of five years and
under the age of twelve years, may make application to the overseer of the poor
of any town, or to any supervisor of the county, where such child may be,
showing by satisfactory affidavit or other proof that the health, morals or com-
fort of such child may be endangered or not properly cared for," and that
thereupon it shall be the duty of such officer to place such child in one of the
institutions named in the statute.

The statute further provides that the children placed in said institutions "shall
be maintained therein at the expense of the county from whence they came,
provided that such expense shall not exceed three hundred dollars each per
year, until they attain the age of twelve years."

In an action to recover for the care of a deaf mute child who was placed in such
an institution, pursuant to the provisions of the statute cited, by a supervisor
of the county of Yates, in which county the parents of the child then resided,
it appeared that, prior to the time when the child became twelve years of age,
her parents removed to the county of Ontario and continuously resided in
that county until the child became twelve years of age.

---

*This case was handed down in April, 1904.

*Held*, that the change of residence of the parents did not operate to relieve the county of Yates from liability for the expense of maintaining the child in the institution, after such change of residence, until it became twelve years of age.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*William A. Sutherland*, for the plaintiff.

*M. A. Leary*, for the defendant.

SPRING, J. :

The plaintiff is a corporation located in the city of Rochester, designed for the education of deaf mutes, and was incorporated in pursuance of chapter 319 of the Laws of 1848, and receives and retains pupils conformably to the regulations of the State Board of Charities. (State Const. art. 8, § 14.) Under the statutes of the State a deaf mute over five years and under twelve years of age may be maintained in a deaf mute institution at the expense of the county from which he is received until the pupil reaches the age of twelve years. (Laws of 1863, chap. 325, as amd. by Laws of 1875, chap. 213, and Laws of 1892, chap. 36.)

The statutory provision is that " any parent, guardian or friend of a deaf-mute child within this State, over the age of five years and under the age of twelve years, may make application to the overseer of the poor of any town, or to any supervisor of the county, where such child may be, showing by satisfactory affidavit or other proof that the health, morals or comfort of such child may be endangered or not properly cared for," and thereupon it shall be the duty of such officer to place such child in one of the institutions named, which includes the plaintiff. (§ 2, as amd. by Laws of 1892, chap. 36.)

It is further provided that the children placed in said institutions " shall be maintained therein at the expense of the county from whence they came, provided that such expense shall not exceed three hundred dollars each per year, until they attain the age of twelve years." (§ 3, as amd. by Laws of 1875, chap. 213.)

And again, that such expenses for board, tuition and clothing " shall be raised and collected as are other expenses of the county from which such children shall be received " upon bills properly authenticated. (§ 4, as amd. by Laws of 1875, chap. 213.)

Alice Ethel Eddy, a deaf mute child, was born in the county of Yates in July, 1891, and her parents resided in that county in 1896, when upon the certificate of the supervisor of the town in which they resided, the child was received by the plaintiff as a deaf mute, "for the term of seven (7) years from the 20th day of July, 1896, to the 20th day of July, 1903 (she being then twelve years of age), to be educated and supported therein during that period, at the expense of the county of Yates." The child has since remained with the plaintiff up to July 20, 1903, and the charges for her support were paid by said county until October 1, 1898. The parents of the child resided in that county until April, 1898, when they removed to Ontario county, where they have since resided.

This action is to recover for the maintenance and education of said deaf mute from October 1, 1898, to July 20, 1903. The defendant contends that when the parents lost their residence in the county of Yates it ceased to be liable for the support of their child, as her residence became that of her parents. We do not accept this contention.

The essence of the statute authorizing the reception of deaf mute children into one of the State institutions is contained in the provision "that the health, morals or comfort of such child may be endangered or not properly cared for," and upon satisfactory proof of that fact it becomes the duty of the supervisor or overseer of the poor to place such child in one of the institutions designated. The original statute (Laws of 1863, chap. 325, § 2) required that the officer to whom the application was made should be satisfied that the parents or natural protectors of the child "are, or such child is, in indigent circumstances;" but that provision is not contained in the amended statute, although we apprehend the change is unimportant in the consideration of this case. In any event the reception of deaf mute children in these institutions is authorized solely by the statute, and in plain language it charges the expenses of their maintenance for board, tuition and clothing upon "the county from whence they came." There is no provision requiring the directors of the institution to keep track of the parents of the children and to transfer the liability as their county residence may change. The obligation is imposed upon the application of the named officer residing in the county where the child lives, and when the liability

is once created it continues without change as long as the child remains an inmate of the institution until he arrives at the age of twelve years, when, by another statute, he becomes a State pupil. (See Consol. School Law [Laws of 1894, chap. 556], tit. 15, § 41, as amd. by Laws of 1903, chap. 62.)   The original charge was contractual in its nature, voluntarily assumed, as the statute prescribed, by the county of Yates, including the continuance of the liability for the period of seven years.   The county of Ontario was in no way responsible for the placing of the unfortunate in the institution, and there is no provision of law by which the burden can be shifted upon it.

Our conclusion is that the fact that during the continuance of the seven years for which the county of Yates became liable to pay the plaintiff for the support and maintenance of the deaf mute her parents acquired a residence in another county did not operate to change the contract liability of the county of Yates and which was imposed upon it by virtue of the statute.

The plaintiff is entitled to judgment for $1,441.67, with interest, in accordance with the stipulation, together with the costs of this action.

All concurred.

Judgment ordered for plaintiff for fourteen hundred forty-one dollars and sixty-seven cents ($1,441.67), with interest in accordance with the stipulation, together with costs and disbursements of this submission.